Good afternoon. May it please the court. I'm Assistant Federal Defender Wendy Obermeier for the Appellant Michael Hall, and I'll reserve three minutes for rebuttal. Today I'll address the sole issue on appeal, which is whether Mr. Hall's 924C conviction is unconstitutional given Davis. Now there's no dispute that the predicate offense here must meet the elements clause to qualify under 924C. And that requires the elements-based categorical approach cemented in Davis, and we apply that to aiding and abetting Hobbs Act robbery in this case. And what I'm asking this court to do is to follow several dissents that were outlined by 311th Circuit judges that we discussed in our supplemental brief. Judges Martin, Cryer, and Wilson have dissented in various cases as to why the majority of that court and other courts have gotten this issue incorrect. And to that effect, this court's Dominguez decision had a dissent by Judge Wynn that also outlines the correct analysis. Now that argument, of course, went to attempt, but it's the same analysis of looking at the elements. And so what categorical analysis does is it considers the separate elements of aiding and abetting Hobbs Act robbery to see if those necessarily require the defendant to act with the use, threatened use, or attempted use of force. Don't you have to overcome Dominguez, despite Judge Wynn's dissent in that case? Well, it is our, we maintain that Dominguez was incorrectly decided. Of course, that's a matter, you know, that's pending cert petition. Right. And you realize, of course, that our panel, even if we agreed with you, that we're bound by that case. So, in support of that, do you, and I appreciate your other argument about there's been other judges that took a different position, but is there any other avenue for your client if we are cabined by Dominguez? Yes. We believe that aiding and abetting, because it has specific elements unique to aiding and abetting that this court lays out in its jury instruction for aiding and abetting, instruction 5.1, it requires four specific elements for aiding and abetting. And so that's what this court must apply the categorical analysis to. But you only raised that argument for the first time in your supplemental briefing. Is that correct? It's correct that the supplemental briefing, yes, it focused on aiding and abetting, and the original briefing did not. Right. And I thought the supplemental briefing was pretty candid in acknowledging basically that it was just something counsel overlooked, that the conviction was actually for aiding and abetting, rather than the principal offense. And so it seems to me that there's a serious problem of waiver for your argument, and that it wasn't raised at any time before the district court or before this court on your original briefing, and that the supplemental briefing didn't ask you to brief that. It wasn't an opportunity just to start arguing all sorts of new things. You were directed to brief the effect of particular cases. So how do you overcome the waiver problem? We believe the issue is not waived, because a claim is what can be waived, not individual arguments in support of that claim. You're arguing that aiding and abetting is, what would you use, contextually different or categorically different from the principal offense, which would mean it's not the same argument. These are different offenses with different analysis under the elements clause, which means you're not just elaborating on an argument you've already made or a claim that you've already made. You're either making a new claim, which is waived, or you're not making a new claim, and your argument seems to be concluded by Dominguez if the analysis is the same, it would fail. So to me, that puts you in a bit of a catch-22, and I'm not sure how you're going to get out of that, what you can tell us to address that problem. It's our position that our claim, our overall claim has been consistent all along, which is that the 924C lacks a qualifying predicate, and it's unconstitutional. That is the overall claim. Underneath that claim, there have been various arguments by the parties in the last five years that have developed or been foreclosed as we move along in those five years. In the abridged motion to vacate, it did note that Section 2 was underlying Count 3, and that wasn't elaborated on until the supplemental briefing. But it goes to the claim itself, which is that under categorical analysis of the 924C offense in this case, there is no qualifying predicate. Counsel? This is Judge Rollison. Did counsel for the government make the waiver argument? The counsel for government made a waiver argument as to aiding and abetting in its supplemental brief, and we addressed a waiver. We filed our brief first, and they filed the supplemental brief. We addressed that in our supplemental brief on page 1 as well, setting forth the case law that you can, that the claim is preserved, and then that the parties are not limited to the precise arguments they made below. There is a case, a 1995 case, LeBron v. National Railroad from the U.S. Supreme Court. It's 513 U.S. 374. And in that case, the petitioner had a First Amendment claim, but didn't raise a particular argument that the defendant in that case was actually a company that was acting as a government agent until after even the cert petition had been granted. And the Supreme Court said, that's okay. It was still part of the original First Amendment claim. It's not waived at that point. And so it's our position that this is included in the overall claim. I think your argument, I can see, has some traction, but then it kind of turns back on itself when we get back to the Hobbs Act violation. Because under 2A, aiding and abetting is not a new crime. It's a means of committing another crime. So under that theory and your argument, perhaps you didn't waive it. You've just made a new argument about it. But doesn't that take us right back to where we started, so we're back to being foreclosed by Ninth Circuit precedent, even if we consider this argument? I don't believe we're foreclosed by Dominguez because Dominguez addressed attempt. It did not look at aiding and abetting and the elements of aiding and abetting, which there are four distinct elements of aiding and abetting. And one is that, and we look to the act, what act is required for aiding and abetting? There has to be an affirmative act, but it can be with respect to any one element of Hobbs Act robbery. And not all the elements of Hobbs Act robbery require force. The first element just requires knowingly obtain money or property from the presence of a person. That's stealing. That doesn't require force. There's no requirement of force in there. So it's possible, and again, the dissents from the Eleventh Circuit go through how it's possible that someone can be guilty of aiding and abetting Hobbs Act robbery without aiding force. But if Circuit would go against you on that, is there any Circuit that has taken your path? No Circuit has taken the position I'm advocating. There have been dissents in the Eleventh. There are, I believe, four Circuits that have not addressed this question. And then this Circuit, as well, has left the question open. Counsel, are you familiar with our recent decision in United States v. Henry, which seems to address this point? Yes, Henry addressed Pinkerton liability, which, again, under this Court's jury instructions, has separate elements than aiding and abetting. What do you think the intent of the panel was in recognizing that the First, Third, Sixth, Tenth, and Eleventh Circuits have all held that aiding and abetting Hobbs Act robbery is a crime of violence? Isn't that a pretty good indication that in this Circuit we agree that aiding and abetting Hobbs Act robbery is a crime of violence under 924C3A? It may be an indication to that panel it was not necessary to the holding as to Pinkerton, because, again, Pinkerton and aiding and abetting liability are separate. They have separate elements, and it's those separate elements that must be examined, which the Court did not examine the elements of aiding and abetting in Henry, nor was it challenged or briefed in Henry. It wasn't before the Court. What should we take from that language? It's my position that that language is dicta. It's not necessary to the holding. I think that where the Henry Court was looking at the liability factor for a jury instruction at a trial, it did not apply the categorical analysis to the force clause, particularly to aiding and abetting, which is what Davis requires and has to be done here. And when you look at the elements of aiding and abetting, they don't require the defendant to aid in the use of force. And for that reason, we ask this Court to vacate. And I see I'm approaching my time. You are. I have a question. I have all the questions to get answered first. Judge Rawlinson, did you have an additional question? No. Judge Beatty? Yes, thank you. So perhaps I'm just not seeing this correctly, and you can help me with this. But if aiding and abetting doesn't require force, how would any federal crime be a crime of violence? Because all of them can be admitted. I mean, if it ought to be a Section 280 abetting charge. So under the categorical approach, we have to look at the least serious way in which a crime could be committed. And if all of them could be subject to aiding and abetting, and that's not subject to use of force, then I think what happens is there's not a criminal case in the U.S. Code that can meet the element clause. It would be on an offense-by-offense basis. Is aiding and abetting... But we don't look at the actual offense. We look at the element. That's what we have to do. That's correct. I mean, aiding and... I'm sorry. Go ahead. Okay. Aiding and abetting, it requires four elements. And the act is that you aid with one of the elements of the underlying offense. So it does incorporate the underlying offense. So you need to look at, in the underlying offense, is there an element that can be aided that does not involve force? And here there is with Hobbs Act robbery. The first element of Hobbs Act robbery does not require force, so you can aid in that element. So it would be on a case-by-case basis. And, again, because, yes, for indictments it's presumed Section 2 is included. Again, you would need to go through, as we did here with a case-by-case basis, what was the actual conviction? Was it an actual aiding and abetting conviction? Which it was here. If he was a driver, it wasn't present. So there's a question here. This was solely an aiding and abetting conviction. And so those would have to be done on a case-by-case basis. I mean, what you're doing is, you're kind of like chasing our tail here, because now you're back to arguing that Dominguez is a good law. When you're saying we look to the elements of the Hobbs Act robbery offense. Well, you look to the four elements of Hobbs Act robbery, which to commit Hobbs Act robbery, you have to commit each element. But for aiding and abetting, you only have to aid with one element of Hobbs Act robbery. And there are elements of Hobbs Act robbery that don't require force. Of course, as the Court has found together, Hobbs Act robbery does require force. But for aiding and abetting, you need only aid in one element of Hobbs Act robbery. And the first element and the fourth element of Hobbs Act robbery don't actually require force. So an aider and abetter could aid with those two elements or one of those elements, but still not be required to necessarily use force. Okay, I think we have your point in mind. Thank you. Good afternoon, and may it please the Court. Elizabeth White for the United States. I think we need to go back to the beginning, which is what this Court said in Garcia. And that is that aiding and abetting is not a separate offense from the underlying substantive crime, but rather a different theory of liability for the same offense. The offense here that Mr. Hall was convicted of was Hobbs Act robbery. And what this Court said in Dominguez is that Hobbs Act robbery is a crime of violence because it has, as an element, the use, attempted use, or threatened use of physical force. Now regardless whether the government's theory of liability with respect to Mr. Hall was that he committed one or more of the elements of the Hobbs Act offense, or that he aided and abetted others in the commission of those elements, doesn't matter. Because what this Court said in United States v. Gaskins is that aiders and abetters are principles. And this goes back to, as a result of this, yes, someone can be convicted of Hobbs Act robbery without personally using, threatening, or attempting the use of physical force. But the Supreme Court in Rosemont explained why that doesn't matter. What they said is that all who share in the overall crimes execution have equal responsibility before the law, whatever may have been their different roles. The division of labor between two or more Confederates thus has no significance. A strategy of you take that element, I'll take this one, would free neither party from liability. This is because principles, aiders, and abetters are equally responsible for the commission of the offense. Now this is also entirely consistent with the text of 924C. 924C does not define a crime of violence as an offense that has as an element the defendant's personal use, attempted use, or threatened use of physical force. It's an offense that has as an element the use, attempted use, or threatened use of physical force. Similarly, 924C doesn't impose liability when a defendant, while personally committing a crime of violence, has a gun. It applies when, during, and in relation to a crime of violence. So what we have here is this defendant was convicted of Hobbs Act robbery, which is a crime of violence, and regardless of which theory of liability or which means of committing the offense, it qualifies as a crime of violence because Hobbs Act robbery is a crime of violence. I didn't understand that, Ms. White. For some reason, I'm seeing a lot of feedback. I don't know why. Okay, if you're correct in that, doesn't that also suggest that there's not a waiver because this integration of aiding and abetting, essentially integrating crime itself, isn't this just another way of attacking whether the crime was a crime of violence? To the extent, I mean, in the district court, the defendant argued that Hobbs Act robbery is not a crime of violence. In the briefing on the appeal three years ago, they argued that Hobbs Act robbery is not a crime of violence. Now they're arguing that actually this was aiding and abetting Hobbs Act robbery, and that's a different argument. And I understand this line of cases and this whole consensus claims that are waived, not arguments. I sort of think you could take that up any level and broaden out what you can argue. I mean, their claim is the court should grant the 2255, and therefore they should be able to make an endorsement to support that. So I would say that this argument and this claim being raised four years after the district court litigation, three years after the briefing on this, appeal is complete. This is an untimely argument that the court need not consider. However, if you decided to go ahead and consider it, or if you decide to go ahead and consider it, it simply lacks merit, because the offense here is Hobbs Act robbery. Aiding and abetting Hobbs Act robbery is not a separate crime. It is not a different crime. It is a means of committing Hobbs Act robbery. And I think this court really explained that quite well in Garcia, analogizing to the Supreme Court's decision in Shad v. Arizona, where the question there was the defendant was on trial for murder, and one way of doing that is premeditated murder, and one way of doing that is felony murder. And it doesn't matter, the jury doesn't have to be unanimous, even though there are different things that need to be proven. If the government is prosecuting this under a felony murder theory versus a premeditated murder theory, there are different things that need to be proven, but the elements of the offense are the elements of murder. And here, the elements of the offense are the elements of Hobbs Act robbery. The one other point that I would like to make is that even when the result... It's inconsistent, then, with how the court treated the crime of Henry? Yes, and I think that Henry, I mean, the issue in Henry was Pinkerton liability, that is true. But the argument that the defendant was making was that his 924C convictions are invalid because the jury probably found him guilty under a Pinkerton theory, and Pinkerton doesn't require that the defendant, Henry himself, that he personally used attempted or threatened physical force. And what this court said in Henry is that doesn't matter because armed bank robbery is a crime of violence. And so whether it's a Pinkerton theory or a betting theory or whatever theory, the offense is a crime of violence. And so I think the reasoning, even though my friend on the other side is correct that Henry was primarily about Pinkerton, the reasoning of Pinkerton saying that it doesn't matter that the defendant didn't personally have to do this because that's not what the statute requires, that applies equally to aiding and abetting. And I would also just say one more thing about the aiding and abetting elements, I guess. And when this court in Garcia, I think, used elements in quotes when talking about aiding and abetting. But there are different things that the government has to prove, and that is the jury instruction 5.1. But the first thing the government has to prove is that the offense was committed by someone, right? I mean, that is one of the things that has to be proven is that Hobbs Act robbery was committed. So to the extent that aiding and abetting has separate elements, one of those elements is that a Hobbs Act robbery occurred. And that element requires the use, attempted use or threatened use of physical force. That's what this court held in Dominguez. And so this idea, I mean, I think that the defendant's argument here is that 924C liability is limited to cases where the defendant personally took the violent action. And that is simply not in the text of 924C. And it doesn't comport with the way this court and the Supreme Court have looked at accessory liability. There's a very good discussion of this in the Supreme Court's decision in Duenas-Alvarez. And what they explain in Duenas-Alvarez is that at common law, there were four sort of types of criminals. Principals in the first degree, those who actually did the illegal acts. Principals in the second degree, those who aided and abetted and were there during the commission of the crime. Accessories before the fact, which were aiders and abetters before the crime, and accessories after the fact. And what the Supreme Court explained is that throughout the 20th century, every single jurisdiction in this country, federal and every single one of the states, has expressly eliminated the distinction between those first three groups. Principals in the first degree, principals in the second degree, and accessories before the fact. Those are all treated as principals. And that's why this court said in Gaskin that aiders and abetters are principals and principals are aiders and abetters. It is one crime. Accessory after the fact is different. But the other three are treated the same. And there's simply nothing in 924C that would suggest that Congress intended to deviate from that really commonly understood conception, 20th century conception of criminal liability. I will note, I just noticed this this morning, we refer to APUSC Section 2, we always call that the aiding and abetting statute. But the statute is actually titled Principals, right? 18 U.S.C. Section 2, Principals. And it defines who is a principal. One who commits or who aids and abets a crime is a principal. And that's what we have here. So as every other court has decided, there have been a couple of other circuits, I think I sent a 20HA letter that the 4th Circuit has now weighed in on this, and the 8th, which I might not have cited in the letter. But every circuit that has decided this question has used that same reasoning to reach that same conclusion. And just in response to Judge Batey's point, I think you're exactly right. If we were to say that aiding and abetting is a separate crime with separate elements, and that it does not constitute a crime of violence, that, at the end of the day, renders 924C a nullity. Because regardless of whether we charge 18 U.S.C. 2 or not, every criminal indictment implies aiding and abetting liability. This court and the Supreme Court have said that over and over. And if every criminal charge includes aiding and abetting, and if aiding and abetting categorically cannot be a crime of violence, and if we're not allowed to look at what the defendant actually did, which is kind of the fundamental thing about the categorical analysis, we only look at the elements, then no federal crime could ever be a crime of violence. That makes 924C a nullity, and that is obviously an absurd result, and not what Congress intended. I see I am also over my time. If the court has any questions, I'm happy to answer. It appears not. Thank you. Ms. Overmeyer, we did let you exceed your time by quite a bit, but I'll give you one minute, and you can keep to that point. Thank you. Thank you, Your Honor. I just have one quick point, is that I think this Court Gaskin's decision from 1988, it's a good illustration of, in that case, the question whether aiding and abetting and principle were treated the same, it said didn't answer the question. The question there is that they determined the elements for aiding and abetting were different than for the principle, and because the defendant didn't get to present a rebuttal to that at trial, this court reversed the conviction and sent it back so he could defend against those elements. And it's those elements, those aiding and abetting elements, that this court must look at. And if the elements approach says it's overbroad, that's what we follow. Mathis says for good or ill, the elements-based approach, that is what the courts are required to follow, and that's what we ask the court to do here. Thank you. I'd like to thank both counsel for your argument today, the case of United States v. Paul is submitted. The remainder of the cases for today have been submitted. If so, that's adjourned for the staff. Thank you. Thank you. This court for this session stands adjourned.
judges: McKeown, Rawlinson, Bade